UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NOTHWEST HOME DESIGNING, INC.,<br><br>                  Plaintiff,<br><br>    v.<br><br>BENJAMIN RYAN COMMUNITIES, LLC, et al.,<br><br>                  Defendants. | CASE NO. C14-5808 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO CONTINUE ALL DEADLINES |

This matter comes before the Court on Plaintiff Northwest Home Designing, Inc.'s ("Northwest Home") motion to continue all deadlines (Dkt. 31). Northwest Home requests a 120-day continuance of all deadlines in order to resolve discovery disputes, complete expert disclosures, and prepare for trial. *Id.* at 4. Defendant Benjamin Ryan Communities LLC ("Benjamin Ryan") agrees there is good cause to extend the expert disclosure deadlines, but contends the remaining deadlines should not be continued. Dkt. 34 at 2. Defendants Ramora Builders LLC and James Bays do not oppose Northwest Home's motion. Dkt. 37.

ORDER - 1

Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Although the Court may consider prejudice to the opposing party, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court has broad discretion in deciding whether to grant or deny a request for a continuance. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001).

Here, the Court finds good cause to extend the pretrial deadlines, but does not find good cause to continue the trial date. The scheduling order has been adjusted to accommodate the parties' need for additional time to resolve discovery issues and other pretrial matters. The new deadlines are as follows:

| | |
|---|---|
| Disclosure of expert testimony: | January 19, 2016 |
| Disclosure of rebuttal expert testimony: | February 2, 2016 |
| Discovery motions: | February 5, 2016 |
| Discovery completed: | March 4, 2016 |
| Dispositive motions: | March 10, 2016 |
| Motions in limine: | April 29, 2016 |
| Agreed pretrial order: | May 6, 2016 |
| Trial briefs, proposed voir dire, jury instructions, agreed neutral statement of the case and deposition designations: | May 6, 2016 |
| Pretrial conference: | May 10, 2016 |

1   To the extent the parties believe the other side has been dilatory or unresponsive in
2 responding to discovery requests, a motion to compel rather than a motion to continue
3 would have been the appropriate method to seek relief.  Because no party has filed a
4 motion to compel discovery, the Court is not fully briefed and therefore is unable to
5 determine where fault, if any, lies for discovery failures.

6   **IT IS SO ORDERED.**

7   Dated this 21st day of December, 2015.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge