UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NORTHWEST HOME DESIGNING, INC.,<br><br>               Plaintiff,<br><br>    v.<br><br>BENJAMIN RYAN COMMUNITIES, LLC, and JOHN RYAN BAYS,<br><br>               Defendants. | CASE NO. C14-5808BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND |

This matter comes before the Court on Plaintiff Northwest Home Designing, Inc.'s ("Northwest") motion for leave to file second amended complaint (Dkt. 58) and supplemental motion for leave to file second amended complaint (Dkt. 78). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On October 10, 2014, Northwest filed a complaint against Defendant Benjamin Ryan Communities, LLC ("BRC"), John Ryan Bays, Ramora Builders, LLC ("Ramora"), and James Bays alleging copyright infringement of numerous architectural works. Dkt. 1

1    On November 7, 2014, Northwest filed an amended complaint against the same
2 defendants adding allegations that they also infringed the copyrights by including the
3 works in advertisements. Dkt. 14.

4    On February 26, 2015, the Court issued a scheduling order setting April 8, 2015,
5 as the deadline for filing amended pleadings. Dkt. 21.

6    On January 21, 2016, BRC and John Ryan Bays ("Defendants") filed a motion for
7 summary judgment. Dkt. 44.

8    On February 18, 2016, Northwest filed a motion for leave to file a second
9 amended complaint. Dkt. 58. In the proposed second amended complaint, Northwest
10 withdraws claims based on numerous works and proposes new claims based on newly
11 disclosed works. *Id*., Exh. 1. On February 29, 2016, Defendants responded arguing that
12 the proposed withdrawn claims should be dismissed with prejudice and that the Court
13 should award Defendants reasonable attorney's fees and costs for defending these claims.
14 Dkt. 66. On March 4, 2016, Northwest replied and sought to add a claim based on an
15 additional work that was not in the proposed complaint ("Plan 2648-C9-1 Claim"). Dkt.
16 68. On March 9, 2016, Defendants filed a surreply requesting the Court strike the Plan
17 2648-C9-1 Claim. Dkt. 76.

18    On March 10, 2016, Northwest filed a supplemental motion for leave to file a
19 second amended complaint seeking to add the Plan 2648-C9-1 Claim.[1] Dkt. 78. On
20
21 _____
22    [1] Based on this motion, the Court denies Defendants' motion to strike as moot.

March 21, 2016, Defendants responded. Dkt. 80. On March 25, 2016, Northwest replied. Dkt. 83.

As these motions were pending and trial drew near, the parties and the retained mediator informed the Court that settlement was likely. Although Northwest's claims against Ramora and John Bays were dismissed with prejudice, Dkt. 87, the matter was not settled. The Court struck the pretrial conference and the trial date. Dkt. 88.

On May 12, 2016, Defendants' attorney moved to withdraw from representation asserting that Defendants have failed "to pay for legal services rendered in this case." Dkts. 89, 90. On May 31, 2016, the Court granted the motion and renoted the pending motions so that the remaining corporate defendant could obtain counsel. Dkts. 92–94. On July 5, 2016, attorney Dan Bridges appeared on behalf of Defendants. Dkt. 97.

## II. DISCUSSION

**A.  Good Cause**

A party seeking to amend its pleading after the date specified in the scheduling order must first show "good cause" for amendment under Rule 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). This standard "primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (citing *Johnson*, 975 F.2d at 609).

In this case, Defendants argue that Northwest has failed to show good cause for the tardy amendments. Dkt. 66 at 7–8. Northwest counters that Defendants failed to timely respond to discovery and, when Northwest finally received the requested information, timely notified Defendants of the possibility of dismissing claims. Dkt. 68

at 3–4. Northwest also contends that, instead of waiting for Northwest to fully review the discovery, Defendants filed the motion for summary judgment almost two months before the deadline and after Northwest moved the Court for an extension of pending deadlines to have sufficient time to narrow the issues for trial. Dkt. 58 at 3 (citing Dkt. 31). The Court finds that Northwest has shown good cause because it diligently informed opposing parties and the Court of its intention to voluntarily dismiss some claims.

**B.     Leave to Amend**

If "good cause" is shown, the party must demonstrate that amendment is proper under Rule 15. *Johnson*, 975 F.2d at 608. Although Northwest seeks leave to amend in its original motion, Northwest actually seeks leave to voluntarily dismiss claims under Rule 41. Pursuant to the rule, the Court must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *See Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766, 767 (9th Cir. 1995).

In this case, Defendants only contest the last two factors. Thus, the Court will allow dismissal and consider the other factors.

**1.     With or Without Prejudice**

"Whether to allow dismissal with or without prejudice is discretionary with the court, and it may order the dismissal to be with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Burnette*, 828 F. Supp. at 1443. The following factors are relevant in determining whether the dismissal should

be with or without prejudice: (1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and (3) insufficient explanation of the need to take a dismissal. *Id*. (quotation omitted).

In this case, all of these factors weigh in favor of Northwest. First, Northwest informed Defendants and the Court of its intention to voluntarily dismiss some of its claims *before* Defendants filed their early motion for summary judgment. Any expenses incurred in preparing that motion could have been easily avoided. Moreover, the discovery dispute delayed Northwest's ability to fully evaluate the merits of its claims.

Second, Defendants have failed to show that Northwest engaged in any unreasonable delay, let alone excessive delay. Defendants have also failed to show that Northwest lacked diligence.

Third, Northwest has provided a sufficient explanation for the need to take dismissal in that it intends to narrow the issues for trial. Moreover, if Northwest refiles the dismissed claims, then Defendants may use the previously prepared material to defend these claims. Therefore, the Court concludes that Northwest may voluntarily dismiss its claims without prejudice.

**2.    Terms**

"We have explicitly stated that the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 146 (9th Cir. 1982)). "The defendants' interests can be protected by conditioning the

dismissal without prejudice upon the payment of appropriate costs and attorney fees." *Id.* "Imposition of costs and fees as a condition for dismissing without prejudice is not mandatory however." *Id.* (citing *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)).

In this case, Defendants request an award of fees and costs for defending against the withdrawn claims. Dkt. 66 at 11–12. Specifically, Defendants assert that they "incurred significant expense in preparing an expert report and summary judgment motion addressing all of the infringement allegations in the [first amended complaint] . . . ." *Id*. The Court has already found that Defendants unnecessarily incurred the fees and costs for the summary judgment motion. With regard to the expert report, at least some of the costs for this expert could have been avoided because it appears that the expert was in the middle of preparing his report when Northwest informed the parties that it intended to withdraw some claims. *See* Dkt. 47, Declaration of Eric Lindberg, ¶¶ 43–44 (By December 10, 2015, the date that Northwest filed its motion to continue, the expert had undertaken review of the claims). In light of Defendants' decision to charge ahead with litigation despite Northwest's attempt to narrow the issues, the Court finds that the imposition of fees and costs is inappropriate. Therefore, the Court denies Defendants' request for costs and fees.

**C.     Supplemental Leave to Amend**

At this point of the proceeding, a pleading may only be amended with the opposing party's consent or with the court's leave. Fed. R. Civ. P. 15(a)(2). Courts should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As a matter

of policy, motions for leave to amend should be granted with "extreme liberality." *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009). When leave to amend is sought after service of a responsive pleading, the motion should be granted "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson*, 975 F.2d at 607.

In this case, Defendants argue that Northwest's request to add claims is "extraordinarily prejudicial to [Defendants] and would completely derail the scheduling track for the scores of other claims that are ready for trial." Dkt. 80 at 2. At the time Defendants filed their motion, Defendants' argument was meritorious because trial was imminent. At this point, however, the Court has struck the trial date and has yet to issue a new scheduling order. Thus, there is no prejudice in granting leave to add additional, apparently valid claims. The Court grants the motions on this issue.

### III. ORDER

Therefore, it is hereby **ORDERED** that Northwest's motion for leave to file second amended complaint (Dkt. 58) and supplemental motion for leave to file second amended complaint (Dkt. 78) are **GRANTED**. Northwest shall file the Second Amended Complaint as a separate entry on the electronic docket no later than September 2, 2016.

Dated this 29th day of August, 2016.

BENJAMIN H. SETTLE
United States District Judge