UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NORTHWEST HOME DESIGNING, INC.,

    Plaintiff,

v.

BENJAMIN RYAN COMMUNITIES, LLC, and JOHN RYAN BAYS,

    Defendant.

CASE NO. C14-5808BHS

ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff Northwest Home Designing, Inc.'s ("Northwest") motion for reconsideration (Dkt. 101). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 26, 2016, the Court granted in part and denied in part Defendants Benjamin Ryan Communities, LLC ("BRC") and John Ryan Bays's ("Bays") (collectively "Defendants") motion for summary judgment. Dkt. 100. In relevant part,

ORDER - 1

the Court granted summary judgment on Northwest's claim that BRC plan 2353 does not infringe Northwest's plan 2501/2502. *Id*.

On October 1, 2016, Northwest moved for reconsideration. Dkt. 101.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rules W.D. Wash. LCR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The Ninth Circuit has described reconsideration as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

In this case, Northwest requests that the Court reconsider its dismissal of Northwest's claim that BRC plan 2353 does not infringe Northwest's plan 2501/2502. Dkt. 101. Although Northwest provides three grounds for disagreement, Northwest fails to argue that the Court committed clear error. First, Northwest argues that the claim was not properly before the Court. Dkt. 101 at 2–4. Northwest contends that BRC

improperly relied on an expert declaration to put the claim at issue and "effectively offloaded a vast majority of its argument in order to circumvent the briefing page limit." Dkt. 101 at 3.  The number of claims in this case is massive and the questions of copyright law required extensive briefing as well.  Once the Court decided the questions of law, it turned to an application of those laws to one of Northwest's claims.  The Court cited both parties' experts' reports and thoroughly considered all relevant evidence. Under these circumstances, the Court is unable to conclude that there was anything improper about failing to provide a specific argument for each of Northwest's claims. Therefore, the Court denies Northwest's motion on this issue.

Second, Northwest argues that the changes requested by BRC provide direct evidence of copying.  The Court cited authorities for and thoroughly explained the legal difference between copying and wrongful copying.  Dkt. 100 at 17–19.  The fact that BRC made direct alterations to Northwest's work does not show wrongful copying. Therefore, the Court denies Northwest's motion on this issue.

Finally, Northwest argues that there are unique similarities between the two works.  Dkt. 101 at 6–7.  Northwest claims that the two plans share the same angled doorway and other similar external features.  *Id*.  The Court previously concluded as follows:

> Although the Court has found that Northwest has shown some protectable elements in its plan, those indispensable expressions do not outweigh the overwhelming inclusion of nonprotectable elements. Even if BRC had full access to Northwest's plan, this evidence at most proves copying but not wrongful copying. The slight similarities do not pass the extrinsic test of objective similarities between the two works.

ORDER - 3

Dkt. 100 at 19.  Northwest has failed to submit sufficient evidence to alter that conclusion.

## III. ORDER

Therefore, it is hereby **ORDERED** that Northwest's motion for reconsideration (Dkt. 101) is **DENIED**.

Dated this 16th day of November, 2016.

BENJAMIN H. SETTLE
United States District Judge